UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Desha Roberts<br><br>Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Desha Roberts, ("Desha"), is a natural person who resided in Bronx, New York, at all times relevant to this action.

2. Defendant, Convergent Outsourcing, Inc., ("CO"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action and has an office in Houston, Texas.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

## STATEMENT OF FACTS

5. CO uses a predictive dialer system.

6. Before CO began contacting Desha, it and Desha had no prior business relationship and Desha had never provided express consent to CO to be contacted on her cellular telephone.

7. CO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of CO's revenue is debt collection.

9. CO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, CO contacted Desha to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Desha is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, CO willingly and knowingly used an automatic telephone dialing system to call Desha on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around October 2013, CO contacted Desha on Desha's cellular phone in connection with the collection of the debt.

15. During this communication, Desha requested CO cease further calls to Desha.

16. Despite this request, CO contacted Desha on Desha's cellular phone in connection with the collection of the debt on more than one occasion, most recently around November 2013.

17. CO attempted to collect a debt from Desha.

18. CO violated the FDCPA and the TCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

**Violations of the Telephone Consumer Protection Act**

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

28. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:     /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
OH Bar #0079315
SD TX Bar #0079315
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-380-6110
Email: jeffrey@lifetimedebtsolutions.com
One of Plaintiff's Attorneys